**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**RONALD HOOD**                                                       **PETITIONER**

**VERSUS**                                 **CIVIL ACTION NO. 5:11CV15-DCB-RHW**

**RON KING**                                                               **RESPONDENT**

<u>**OPINION AND ORDER**</u>

On February 10, 2011, Ronald Hood filed a Petition for Writ of Habeas Corpus [**docket no. 1**] pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction and sentence. Pending before the Court is his original Petition. The Respondent, Ron King, filed an answer to the Petition [**docket no. 12**] on August 25, 2011. On May 23, 2012, the Petitioner filed a Motion to Amend [**docket no. 15**], which is also currently pending. The Motion to Amend encompasses some of the claims in the original Petition, but also raises entirely new claims. On December 14, 2012, the Petitioner filed a twenty-five-page pleading which he styled as a "Writ of Habeas Corpus Relief Brief" [**docket no. 23**]. Many of the claims raised in this pleading are alleged in neither his original Petition nor Motion to Amend. In addition to these pleadings, the Petitioner has filed a Motion to Suppress Evidence [**docket no. 24**], Motion for 2nd Mental Examination and Competency Hearing [**docket no. 25**], and Motion for Evidentiary Hearing [**docket no. 29**]. Magistrate Judge Walker addressed these motions in a Report and Recommendation entered on January 30, 2013, and the Petitioner

filed his objections on March 12, 2013. That same day, the Respondent also indicated that he does not intend to respond to the Petitioner's objections.

## I. PETITIONER'S "OTHER" MOTIONS

Having carefully examined the Petitioner's objections, the Court finds that he did not object to Magistrate Judge Walker's findings with regard to his Motion to Amend his Petition for Writ of Habeas Corpus [**docket no. 15**], "Writ of Habeas Corpus Relief Brief" [**docket no. 23**], Motion to Suppress Evidence [**docket no. 24**], and Motion for 2nd Mental Examination and Competency Hearing [**docket no. 25**]. To the extent that Magistrate Judge Walker recommended the additional arguments raised in Petitioner's Motion to Amend and "Habeas Brief" are new and therefore procedurally barred, the Court adopts his recommendation. Further, the Court also adopts the recommendation that Petitioner's Motion to Suppress and Motion for 2nd Mental Examination should be dismissed as procedurally improper. The Court reiterates, however, that the arguments raised in each of these Motions that relate to the Petitioner's original habeas petition are addressed in the Report and Recommendation and will be considered by this Court.

## II. THE MERITS OF THE PETITIONER'S HABEAS CLAIM

To that end, having considered the merits of the Petitioner's objections, the Court has no difficulty adopting the findings of the Report and Recommendation with respect to all claims but one. First, the Petitioner failed to object to the findings regarding

(1) marital privilege, (2) "sexually explicit conduct," and (3) unconstitutionally vague statutes. The Court adopts the Report and Recommendation as to these claims. Further, although the Petitioner does object to the findings with respect to (4) improper prosecutorial remarks and (5) improper introduction of videotapes into evidence, he has not convinced this Court that these claims are not procedurally barred, or that a fundamental miscarriage of justice will result by not considering these claims. Finally, with respect to his ineffective assistance of counsel claims, the Court fully agrees with the Magistrate Judge's analysis of the these claims, which directly addresses the Petitioner's mostly regurgitated arguments, with one exception.

The Court finds that further investigation is necessary on the matter of whether the Petitioner should have received a mental competency hearing—or whether his attorney was ineffective for failing to pursue a hearing—after the trial judge ordered a mental competency evaluation. The Petitioner, who claims to be mentally incompetent throughout his brief, has made it abundantly clear—perhaps for the first time in any briefing before any court—that he should have received a mental competency hearing. As this Court understands it, the Respondent's position is that a competency hearing was unnecessary because the court-appointed clinical psychologist, Dr. W. Criss Lott, found that the Petitioner was indeed competent to stand trial. Based upon the cases cited by

3

the Petitioner, however, there is merit in his legal position that Mississippi Uniform Rule of Circuit and County Court Practice ("URCCC") 9.06 requires a trial judge to hold a competency hearing if he orders a competency evaluation *and* a trial judge's failure to do so results in a due process violation.[1] James v. State, 86 So. 3d 286, 291-93 (Miss. Ct. App. 2012); Sanders v. State, 9 So. 3d 1132, 1136 (Miss. 2009) ("In the face of [Rule 9.06's] plain language, it is evident that it would be error not to hold a competency hearing once a trial court orders a psychiatric evaluation to determine competency to stand trial."); Jay v. State, 25 So. 3d 257, 262-63 (Miss. 2009) ("Here, the trial court clearly had reasonable grounds to believe Jay was incompetent to stand

---

[1] Mississippi URCCC Rule 9.06 provides:

If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination by some competent psychiatrist selected by the court in accordance with § 99-13-11 of the Mississippi Code Annotated of 1972.

After the examination the court shall conduct a hearing to determine if the defendant is competent to stand trial. After hearing all the evidence, the court shall weigh the evidence and make a determination of whether the defendant is competent to stand trial. If the court finds that the defendant is competent to stand trial, then the court shall make the finding a matter of record and the case will then proceed to trial. If the court finds that the defendant is incompetent to stand trial, then the court shall commit the defendant to the Mississippi State Hospital or other appropriate mental health facility.

4

trial, as evidenced by the order for a psychiatric evaluation. . . . [T]he trial court's failure to hold a competency hearing was a violation of Jay's constitutional rights and, therefore, requires reversal.").

### III. APPOINTMENT OF COUNSEL IS NECESSARY

To the extent that the Petitioner is raising a due-process claim with regard to the competency hearing, that claim *may* be procedurally barred.[2] See generally Coleman v. Thompson, 501 U.S. 722 (1991); see also LaFlamme v. Hubbard, 225 F.3d 663, *2-*3 (9th Cir. 2000) (explaining why allegations of mental incompetency at the time of trial does not automatically excuse a petitioner's procedural default) (unpublished table decision). And, to the extent that the Petitioner's claim is one of ineffective assistance of counsel—if that claim was indeed adjudicated on the merits,

---

[2] On direct appeal, the Petitioner, who at the time was represented by counsel, failed to raise the matter of the competency hearing, and therefore the Mississippi Supreme Court did not address the issue. The Petitioner, who then proceeded pro se in his motion for post-conviction relief, *barely* raised the issue of his attorney's ineffectiveness for failure to file a motion for a competency hearing. See docket no. 13-4, pg. 42. The Mississippi Supreme Court denied the Petitioner's ineffective-assistance claim on the merits, citing Strickland v. Washington, 466 U.S. 668 (1984), but found the Petitioner's remaining claims to be procedurally barred pursuant to Miss. Code Ann. § 99-39-21(1). See Order, docket no. 13-4, pg. 27. The Petitioner again raised the matter in a motion for reconsideration, this time perhaps on both ineffective-assistance and due-process grounds, see Motion for Reconsideration ¶¶ 22, 40, docket no. 13-4 at 13, 17, but the entirety of the Petitioner's claims were not considered for procedural reasons. See Aug. 25, 2010, Order, docket entry no. 13-4 at 3.

5

which it appears to be—it is subject to the ADEA's unreasonable-application standard, recently described by the United States Supreme Court as doubly-deferential in the context of ineffective-assistance claims. See Harrington v. Richter, 131 S. Ct. 770, 788 (2011); see also Johnson v. Williams, 133 S. Ct. 1088 (2013).

Given that the Petitioner claims to lack the mental competency to adequately address these issues, and given that the issues of procedural default and ineffective assistance of counsel in the context of § 2254(d) rest on some rather fine distinctions, see generally, Martinez v. Ryan, 132 S. Ct. 1309 (2012); Richter, 131 S. Ct. 770, the Court will appoint counsel for the Petitioner in this matter. See 28 U.S.C. § 2254(h). Appointed counsel is to review the Petitioner's habeas claim related to his argument that (1) he should have received a mental competency hearing and that (2) his trial and appellate counsel was ineffective for failing to raise this issue. Following this review, the Petitioner, through counsel, may file an amended petition *related to his claims arising out of his failure to receive a competency hearing*. Or if counsel believes the Petitioner's claims to be sufficiently stated, he may move for the Court to hold a hearing on this matter. Once the Respondent has the opportunity to answer or respond, the Court will determine if a hearing on the matter is necessary and will resolve the Petitioner's habeas claim.

In light of the foregoing, **IT IS HEREBY ORDERED THAT**

Petitioner's Motion to Amend his Petition for Writ of Habeas Corpus [**docket no. 15**], "Writ of Habeas Corpus Relief Brief" [**docket no. 23**], Motion to Suppress Evidence [**docket no. 24**], Motion for 2nd Mental Examination and Competency Hearing [**docket no. 25**] are **DENIED. IT IS FURTHER ORDERED THAT** Petitioner's Motion for Evidentiary Hearing [**docket no. 29**] is **DENIED WITHOUT PREJUDICE. IT IS FURTHER ORDERED THAT** the Report and Recommendation is **ADOPTED** in part. The Petitioner may proceed with his habeas claim in the manner outlined above. To that end, **IT IS FURTHER ORDERED THAT** the Petitioner is appointed counsel. The case is referred the case to the Magistrate Judge for this purpose.

So **ORDERED,** this the 25th day of March, 2013.

    /s/ David Bramlette
**UNITED STATES DISTRICT COURT**